**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**RABO AGRIFINANCE, INC.**
**And AG ACCEPTANCE CORPORATION**                                **PLAINTIFF**

**V.**                          **2:05CV00328 JMM**

**FIRST BANK OF THE DELTA, N.A.**                                **DEFENDANT**

**ORDER**

Pending is Defendant's motion to stay proceedings pending resolution of a state court action. For the reasons set forth herein, Plaintiffs' motion to stay is DENIED.

Plaintiffs Rabo Agrifinance, Inc. and Ag Acceptance Corporation (hereinafter "Rabo") filed a conversion action against the Defendant First Bank of the Delta ("First Bank") on December 19, 2005. Rabo alleges that as a result of a transaction between Rabo and Richmond Farming Rabo had a security interest in certain government crop disaster payments which were owed to Richmond Farming. However, Richmond Farming allegedly assigned the crop disaster payments to First Bank in an attempt to defeat the prior interest of Rabo in the payments.

Prior to filing the conversion action in this Court, Plaintiff also filed suit in the Circuit Court of Jefferson County, Arkansas against Richmond Farming and others. The state court action deals with a failed loan transaction between Rabo (formerly Ag Acceptance Corporation or "AAC") and Richmond Farming. Rabo alleges that Richmond Farming is in default on two promissory notes which are secured by security agreements entitling Rabo to government agricultural subsidy, among other things. Richmond Farming subsequently filed a counterclaim in the state court action against Rabo, AAC, and First Bank of the Delta. In the counterclaim, Richmond Farming alleges that Rabo breached the loan contracts between the parties, engaged in fraud, deceit, and various other state law causes of action. As a result, Richmond Farming claims that Rabo does not have a perfected

security interest in the government disaster payment and that First Bank has a perfected security interest in the payment pursuant to an Assignment of Payment executed by Richmond Farming. The promissory notes and security instruments executed between Rabo and Richmond Farming are the same instruments at issue in this federal action.

Defendant First Bank argues that the state court action filed by Rabo is a parallel court proceeding which involves the same parties and same issues as this federal case. Indeed, the state court action involves Rabo as the plaintiff, Richmond Farming as the defendant and counter-plaintiff, and First Bank of the Delta as a counter-defendant. Defendant contends that a determination of the issues in the state court proceeding will determine the liabilities of the parties in this case and requests the Court stay this proceeding pending the outcome of the state court action. Rabo objects and argues that the two actions are not parallel proceedings. Rabo alleges that Rabo and First Bank have no claims against each other in the state court action and, therefore, the state court action lacks identity of the issues and identical claims for relief.

Federal courts have a "virtually unflagging obligation ⋯ to exercise the jurisdiction given them." *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 817 (1976). "Abdication of the obligation to decide cases can be justified under [the abstention] doctrine[s] only in the *exceptional circumstances* where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops.,* 48 F. 3d 294, 297 (8th Cir. 1995)(citing *Moses H. Cone Memorial Hosp. v. Mercury Constr.,* 460 U.S. 1, 14 (1983)). "The policies underlying *Colorado River* abstention are considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Federated Rural Elec. Ins. Corp.,* 48 F. 3d at 297-

298.   The determination of the existence of "exceptional circumstances" requires an evaluation of several factors as follows:

> (1) whether there is a *res* over which one court has established jurisdiction,
> (2) the inconvenience of the federal forum,
> (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed,
> (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases,
> (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and
> (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Id.*  These factors are not intended to be exhaustive, but are to be pragmatically applied in order to advance the "clear federal policy" of avoiding piecemeal adjudication.  And, in examining these factors "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Id.*

The initial determination in this case is whether the state and federal cases are parallel.  Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums."  *Scottsdale Ins. Co. v. Detco Ind., Inc.*, 426 F.3d 994 (8th Cir. 2005)(internal quotations omitted).  The Court finds that the pending state and federal actions are not parallel.  The federal court action involves Rabo seeking to recover Richmond Farming's crop disaster payments assigned and paid to First Bank by way of a conversion cause of action.  The state court action involves the determination as to whether Richmond Farming defaulted on the loans made by Rabo and whether Rabo or First Bank is entitled to Richmond Farming's crop disaster payments, i.e. the collateral securing the defaulted loans.  There is no claim made by Rabo against First Bank in the state court action.  Although the issues in the two proceedings may depend on some of the same facts, this does not "compel a conclusion that the suits are parallel." *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005).

Assuming the prerequisite of "parallel" actions is satisfied, the Court finds that the *Colorado River* factor analysis favors the exercise of jurisdiction. First, there is no *res* over which one court has exercised jurisdiction. *See, McKnight v. Bank of America*, 2006 WL 151916 ( E. D. Ark. 2006). Second, the federal and the state forums are equally convenient for the parties. Third, the issuance of a stay in the federal action will do nothing to avoid piecemeal litigation. Fourth, the federal suit has progressed further than the state case. In the instant case, the discovery process has been concluded and is set for trial in April, 2003. According to the parties, the state case has not been set for trial and discovery has not yet concluded. Fifth, although the federal action involves only state law issues, "[t]here is nothing about this case which makes it unusual from similar diversity cases handled by federal courts everyday." *Mountain Pure, LLC v. Turner Holdings, LLC,* 439 F.3d 920, 927 (8th Cir. 2006).

Based upon this analysis, the Court finds that exceptional circumstances do not exist which would justify the Court staying this action in favor of the state court action. Accordingly, Plaintiffs' motion to stay (Docket # 15) is DENIED.

IT IS SO ORDERED this 5th day of February, 2007.

_____
James M. Moody
United States District Judge