# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

RABO AGRIFINANCE, INC.
And AG ACCEPTANCE
CORPORATION                                                                  PLAINTIFFS

VS.                              NO. 2:05CV00328

FIRST BANK OF THE DELTA, N.A.                                                DEFENDANT

## ORDER

Pending is Plaintiffs' motion for summary judgment. (Docket # 21). Defendant has responded. For the reasons set forth herein, Plaintiffs' motion is DENIED.

### Facts

Rabo Agrifinance, Inc. and Ag Acceptance Corporation ( "Rabo") filed this conversion action against Defendant First Bank of the Delta ("First Bank") on December 19, 2005. Rabo alleges that as a result of a transaction between Rabo and Richmond Farming, Rabo had a security interest in certain government crop disaster payments which were owed to Richmond Farming. Rabo alleges that Richmond Farming assigned certain crop disaster payments to First Bank in an attempt to defeat the prior interest of Rabo in these payments.

Rabo alleges that it entered into a Agricultural Security Agreement on January 30, 2002 with Richmond Farming which granted Rabo a security interest in all of Richmond Farming's "entitlements and payments (whether in cash or in kind) arising under governmental agricultural subsidy, deficiency, diversion, disaster, conservation, or similar or related programs." On February 5, 2002, Rabo filed a UCC financing statement with the Arkansas Secretary of State. Rabo contends that this UCC filing perfected Rabo's security interest in the collateral described in

the Agricultural Security Agreement. On June 25, 2002, Rabo filed a UCC Financing Statement Amendment adding AAC as a secured party. Rabo argues that the security agreement includes payments from the Crop Disaster Program of the United States Department of Agriculture. First Bank, filed a UCC financing statement with the Arkansas Secretary of State regarding Richmond Farming's government agricultural payments or CDP payments on July 15, 2005. Rabo contends that it's security interest in the CDP payments has priority over any interest held by the Bank and the Bank had constructive notice of Rabo's first-priority security interest in the CDP payments.

The Bank argues that Rabo's security agreement and the filing thereof did not give a lien prior to that of the Bank based on the regulations of the Department of Agriculture since Rabo had no assignment of the funds as requested.

Richmond Farming has been in default on its debt to the Plaintiff since February 1, 2005. Richmond Farming allegedly owes Rabo $3,995,756.63 in principal and accrued interest by virtue of its obligations pursuant to the two promissory notes given to Rabo. The Bank was assigned Richmond Farming's interest in the CDP payments on July 15, 2005. The Bank received a CDP payment in the amount of $40,596.00 on July 25, 2006. The Bank received a CDP payment in the amount of $374,400.00 on August 8, 2005.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is

> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e.*, '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact. It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Rabo argues that the undisputed facts show that it is the first-priority secured creditor with respect to the USDA Crop Disaster Program payments, and that the Bank has wrongfully taken dominion over those payments in violation of Rabo's property rights. A security interest is

3

enforceable against a debtor and third parties only if the debtor has rights in the collateral, value has been given and the debtor has authenticated a security agreement that provides a description of the collateral. Ark. Code Ann. §4-9-203(b). The Court finds that genuine disputed issues of material fact remain as to whether Rabo had an assignment of the crop disaster payments in question. Defendant has presented evidence that Rabo requested an assignment of these funds in October, 2004, however, Defendant contends that no such assignment was provided. Additionally, Defendant has presented evidence that Plaintiff executed some releases from the liens to Richmond Farming prior to the receipt of the crop disaster payments and Richmond disputes the amount it owes Rabo. Based upon these facts, the Court finds a genuine dispute exists as to whether Rabo has possessory rights in the crop disaster payments received by First Bank. Accordingly, Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED this 16th day of March, 2007.

_____
James M. Moody
United States District Judge